NOT PRECEDENTIAL

DLD-155

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-1406

_____

IN RE:  JOSEPH SCOTT,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Crim. No. 1:99-cr-00033-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 9, 2017
Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed:  March 23, 2017)

_____

OPINION*

_____

PER CURIAM

     Joseph Scott, a federal inmate currently incarcerated at FCI-Fairton, filed this

mandamus petition on February 16, 2017, claiming that the District Court has failed to

timely rule on his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  Scott

filed the § 3582(c) motion six months earlier.  After Scott filed his mandamus petition,

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the District Court ordered the Government to respond to Scott's § 3582(c)(2) motion by March 27, 2017, and permitted Scott time after that in which to file a reply.

In light of the above, we cannot conclude that the District Court's delay in adjudicating Scott's § 3582(c)(2) motion is "tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), such that mandamus relief may be appropriate. Accordingly, the mandamus petition is denied.[1] This denial is without prejudice to Scott's filing a new mandamus petition should the District Court fail to act on his § 3582(c)(2) motion within a reasonable time.

---

[1] The petition is also denied to the extent Scott requests that we order his "immediate release" pending disposition of his § 3582(c)(2) motion. See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (explaining that a mandamus petitioner must show, inter alia, that "no other adequate means [exist] to attain the relief he desires"); cf. Fed. R. App. P. 9(b); Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992).